**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

DANNY DONOHUE, as President of the Civil Service
Employees Association, Inc., Local 1000, AFSCME,
AFL-CIO, and CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., LOCAL 1000, AFSCME,
AFL-CIO, and MILO BARLOW, THOMAS JEFFERSON,
CORNELIUS KENNEDY, JUDY RICHARDS, and HENRY
WAGONER, on behalf of themselves and certain other
RETIREES of the STATE OF NEW YORK formerly in the
CSEA BARGAINING UNITS,

                              **Plaintiffs,**

   vs.                                                  **1:11-CV-1530
                                                               (MAD/CFH)**

**THE STATE OF NEW YORK, ANDREW M. CUOMO,
as Governor of the State of New York, NEW YORK
STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.
HITE as Acting Commissioner, New York State Civil
Service Department, NEW YORK STATE CIVIL
SERVICE COMMISSION, CAROLINE W. AHL and
J. DENNIS HANRAHAN, as Commissioners of the
New York State Civil Service Commission, ROBERT L.
MEGNA, as Director of the New York State Division of
the Budget, THOMAS P. DiNAPOLI as Comptroller of the
State of New York, NEW YORK STATE AND LOCAL
RETIREMENT SYSTEM; JONATHAN LIPPMAN as Chief
Judge of the New York State Unified Court System, and the
NEW YORK STATE UNIFIED COURT SYSTEM,**

                              **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

CIVIL SERVICE EMPLOYEES           Daren J. Rylewicz, Esq.
ASSOCIATION, INC.                       Paul S. Bamberger, Esq.
143 Washington Avenue                  Steven A. Crain, Esq.
P.O. Box 7125, Capitol Station
Albany, New York 12224
*Attorneys for Plaintiffs*

ERIC T. SCHNEIDERMAN                Laura A. Sprague, Esq.
Attorney General of the State of New York   Asst. Attorney General

The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Christian F. Hummel, U.S. Magistrate Judge:**

**REPORT-RECOMMENDATION AND ORDER**[1]

**INTRODUCTION**

Familiarity with the underlying facts and procedural history is presumed based upon prior Memorandum-Decision and Orders ("MDO") issued by the Hon. Mae A. D'Agostino, United States District Judge for the Northern District of New York. (Dkt. Nos. 19. 25). Presently before the Court is plaintiffs' motion to amend/correct the amended complaint. (Dkt. No. 39). Defendants oppose the motion and have moved for judgment on the pleadings on behalf of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Lippman. (Dkt. Nos. 43, 44). The Court addresses both motions herein.

**DISCUSSION**

**I.    Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See Livingston v. Piskor*, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

Here, plaintiffs annexed the proposed Second Amended Complaint to the motion papers. The Court has conducted a line-by-line review of the entire proposed amended complaint. With respect to the parties, the second amended complaint removes any reference to The State of New York, New York State Civil Service Department, New York State Civil Service Commission, the New York State and Local Retirement System and the New York State Unified Court System as defendants herein, consistent with the Court's prior Order.

Plaintiffs' proposed second amended complaint also includes new allegations against defendants Cuomo, Ahl, Hanrahan, Hite, DiNapoli, Lippman and Megna. In the amended complaint, plaintiffs did not assert claims against the aforementioned parties in their individual (personal) capacities. The Court discussed that omission in the prior Order:

> Plaintiffs have not asserted any claims against defendants Cuomo, Hite, Ahl, Hanrahan, Megna, DiNapoli or Lippman, individually. However, plaintiffs argue that "should the Court find that it does not have jurisdiction to award compensatory relief because defendants were not named in their capacity as individuals," plaintiffs seek to amend the complaint. *See* Dkt. No. 15, at p. 10. The Court construes this argument as a motion for leave to file an amended complaint.
>
> \*             \*             \*
>
> Motions for leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where there is an apparent or declared reason not to grant leave to amend, such as the futility of amendment. *See Fahs Const. Group, Inc. v. Gray*, 2012 WL 2873532, at \*5 (N.D.N.Y. 2012).
>
> Here, plaintiffs' opposition to defendants' motion is not a formal cross-motion and fails to (1) attach a copy of the proposed Amended Complaint, and (2) set forth specifically the proposed amendments, and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the Amended Complaint or other equivalent means, in violation of Local Rule 7.1(a)(4). See id. (holding that, for this reason alone, the court can deny the plaintiffs' request). The absence of a proposed amended complaint precludes this Court from determining whether the proposed amendment would be

3

> futile. Plaintiffs' "motion" for permission to file an amended complaint is denied without prejudice to refile. *See Johnson v. Monsanto Chem. Co.*, 129 F. Supp. 2d 189, 197 (N.D.N.Y. 2001).
>
> Based upon the aforementioned, the Court cannot determine whether legislative immunity would apply to any potential claims against defendants in their individual capacities. This ruling does not prevent defendants from renewing their motion with respect to the applicability of the doctrine of legislative immunity after plaintiffs move to amend and upon the completion of sufficient discovery and development of the record.

*See* Dkt. No. 19, at 19, 28–29.

Now, in the proposed second amended complaint, plaintiffs allege personal involvement:

> 14. Defendant Andrew M. Cuomo is the Governor of the State of New York, and in such capacity is the chief executive officer of the State of New York, with all the powers and duties set forth in the New York Constitution, Executive Law, and as otherwise prescribed by law, statutes, rules and regulations. Mr. Cuomo is a defendant in his official and individual capacities.
>
> 15. Defendant Patricia A. Hite purports to have acted in the capacity of Commissioner and/or President of the Civil Service Department and/or Civil Service Commission when she took action to increase the contribution rates of State retirees, including plaintiffs, and the class they represent. Ms. Hite is a defendant in her official and individual capacities.
>
> 17. Defendants Caroline W. Ahl and J. Dennis Hanrahan, together constitute the Civil Service Commission, with all powers and duties set forth in the Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations. Ms. Ahl and Mr. Hanrahan are defendants in their official and individual capacities.
>
> 18. Defendant Robert L. Megna is the duly appointed Director of the New York State Division of the Budget, with all powers and duties set forth in the Executive Law, Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations. Mr. Megna is a defendant in their official and individual capacities.

20. Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is the head of the Office of State Comptroller and the Department of Audit and Control, which is a department within the Executive Branch of the New York State Government and as such he is responsible for the administration of the New York State and Local Retirement System, including the monthly payment of pensions to eligible State retirees in the Employees' Retirement System, less any deductions for the payment of retiree health insurance premium costs. Mr. DiNapoli is a defendant in his official and individual capacities.

21. Defendant Jonathan Lippman is the Chief Judge of the Unified Court System, is sued herein in his official and individual capacities, and is, by virtue of his position, responsible for supervising the administration and operation of the UCS.

Defendants present no objection to the portion of the aforementioned paragraphs as they pertain to Hite and Megna. With respect to Cuomo, Ahl, Hanrahan, DiNapoli and Lippman, defendants argue that based upon the language of a complaint in a companion action and Judge D'Agostino's September 2013 MDO (Dkt. No. 48) in *Brown v. New York, et. al., supra,* 975 F. Supp. 2d 209 (N.D.N.Y. 2013), plaintiffs' proposed amendment is futile. In the *Brown* decision, the Court discussed the plaintiffs' allegations relating to personal involvement:

> Defendants argue that Plaintiffs' conclusory, non-specific allegations regarding the personal involvement of each of the individual Defendants are insufficient to survive a motion to dismiss. In particular, Defendants contend that Plaintiffs have made several allegations related to certain Defendants' personal involvement "upon information and belief," that Plaintiffs have impermissibly relied on the doctrine of respondeat superior in their allegations with respect to certain Defendants' personal involvement, and that there are no allegations whatsoever linking certain Defendants to the conduct at issue. It appears that Plaintiffs have failed to address this argument in their oppositions to Defendants' motion to dismiss.

*Id*. at 229.

The Court reviewed the plaintiffs' allegations against each defendant:

> Based upon a review of the allegations in the Complaint, the Court finds that Plaintiffs have failed to make any direct or indirect allegations sufficient to permit an inference that Defendants Cuomo, Lippman, Prudenti, Ahl, Hanrahan, and DiNapoli acted or failed to act in any of the ways that would subject them to personal liability for the violations alleged by Plaintiffs. Accordingly, Defendants' motion to dismiss Plaintiffs' claims as to these Defendants in their individual capacity is granted.

*Id.*

While defendants' motion was granted, the Court did not conclude the analysis there. The Court discussed Rule 15(a) and concluded:

> Here, there has been no showing of bad faith or undue delay by Plaintiffs, nor would Defendants suffer any prejudice if Plaintiffs are permitted to amend their complaint since there are presently ten related actions pending before this Court in which the parties have not begun conducting discovery. Moreover, the Court finds that such amendment would not be futile since the Complaint could withstand a motion to dismiss on these grounds if properly amended. Accordingly, the Court grants Defendants' motion to dismiss for failure to sufficiently plead these Defendants' personal involvement, with leave to amend.

*Brown*, 975 F. Supp. 2d at 231.

Here, defendants now argue that based upon the Court's holding in *Brown*, allegations of personal involvement against all defendants, except Hite and Megna, must be dismissed. Defendants did not reference or cite to any language in the *Brown* complaint in support of their argument but merely state that the allegations therein are "similarly insufficient" to those at hand. Moreover, defendants do not address the fact that the Court allowed plaintiffs an opportunity to amend the complaint in the *Brown* action. The Court has reviewed the *Brown* complaint and finds the allegations readily distinguishable from the allegations contained in Paragraphs 14, 17, 20, and 21 of plaintiffs' proposed amended second complaint. In the *Brown* case, the plaintiffs' allegations merely identified the subject defendants and their duties/responsibilities. Here,

6

plaintiffs' proposed amendment contains allegations against the named defendants in their individual capacities that mirror the claims that other plaintiffs asserted in their complaints in companion cases. As the parties are aware, in the Orders resolving the defendants' motions to dismiss in those cases, the Court engaged in a lengthy discussion of legislative immunity as it related to claims against the defendants in their individual capacities. The Court held that those claims were sufficiently pled to survive a Rule 12(b)(6) motions to dismiss. At this stage of the litigation, this Court is presented with the same record and evidence before the District Judge on the prior motion to dismiss. The evidence and factual record is no further developed. For nearly two years, the parties have been entangled in procedural motion practice. Defendants have failed to demonstrate that the additional claims in plaintiffs' proposed amendment would be futile. Nor have defendants demonstrated any bad faith, prejudice or undue delay that would result if the Court allows the proposed amendment. Thus, plaintiffs' motion for leave to amend is granted. *See Ouedraogo v. A-1 Intern. Courier Service, Inc.*, No. 12 Civ. 5651(AJN), 2013 WL 3466810, at *7 (S.D.N.Y. July 8, 2013).[2]

## II.     Motion for Judgment on the Pleadings

Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment and dismissal of all claims against defendants Cuomo, Ahl, Hanrahan, DiNapoli and Lippman in their personal and official capacities. Defendants assert that plaintiffs' pleadings fail to allege facts sufficient to support a connection between the aforementioned defendants and the enforcement of the challenged statute or any personal involvement in alleged constitutional violations. Defendants further contend that the aforementioned defendants have no specific connection with the

---

[2] Plaintiffs' proposed second amended complaint also contains two new causes of action. The seventh cause of action is based upon 42 U.S.C. §1981 and the eighth cause of action for a violation of plaintiffs' contract rights. Defendants presented no argument in opposition to this portion of the second amended complaint.

7

enforcement of the legislative act being challenged. Plaintiffs claim that defendants are improperly attempting to reargue an issue that the Court has resolved on two prior occasions.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g., Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a claim where the plaintiff provides no "plausible" basis to support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### A. Personal Involvement

Defendants' arguments regarding the sufficiency of plaintiffs' allegations of personal involvement of defendants Cuomo, Ahl, Hanrahan, DiNapoli and Lippman were addressed *infra*.

### B. Official Capacity

Defendants argue:

> In denying defendants' motion to dismiss the original complaint in this matter, the Court noted defendants' failure to address the

8

> immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908). (citation omitted). As plaintiffs had set forth a prima facie showing that their complaint alleged an ongoing violation of federal law, which was undisputed by the defendants at that time, the Court found that the complaint properly requested prospective relief against the individual defendants in their official capacities. (citation omitted). At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities.

Defendants argue that plaintiffs have failed to allege that any of the defendants, except for Hite and Megna, had any connection with the enforcement of the legislative act that has been challenged, and their complaint fails to state a cause of action against those individual defendants in their official capacity. Plaintiffs contend that the implementation and enforcement of the act did not rest solely with Hite and Megna, rather defendants Cuomo, Ahl, Hanrahan, Lippman and DiNapoli played a significant role in the implementation and unlawful application of Civil Service Law 167(8). Plaintiffs also assert that, at this stage of the litigation, plaintiffs' claims are not frivolous and overcome defendants' motion.

In the prior MDO, the Court addressed *Ex Parte Young*:

> Defendants argue that Eleventh Amendment immunity extends to state officials but fail to address the *Ex Parte Young* exception. Here, plaintiffs argue that a "straightforward inquiry" reveals that plaintiffs have alleged a violation of federal law. Plaintiffs allege that defendant officials are engaged in enforcing Chapter 491 of the Laws of 2011, a law that is contrary to federal law because it impairs their rights under Article I, Section 10 of the U.S. Constitution. Plaintiffs also allege that officials are implementing a state statute that violates federal due process. An allegation that state officials are enforcing a law in contravention of controlling federal law is sufficient to allege an ongoing violation of federal law for the purposes of *Ex parte Young*. *See Chester Bross Const. Co. v. Schneider*, No. 12-3159, 2012 WL 3292849, at *6 (C.D. Ill. Aug. 10, 2012) (citing *Verizon Md., Inc.*, 535 U.S. at 645). Thus, plaintiffs have satisfied the first prong of *Ex Parte Young*.

Once again, defendants are attempting to re-litigate and reargue an issue that has been addressed by the Court on two prior occasions, without any new evidence or intervening

9

controlling caselaw. A review of the prior MDO reveals that while defendants neglected to engage in any meaningful discussion of *Ex Parte Young*, for clarity of the record and judicial economy, the Court considered, analyzed and addressed the exception on its own accord. This Court will not revisit the issue at this stage of the litigation.

Courts are discouraged from providing defendants with the opportunity to reargue issues previously resolved without a more developed record. *See Remexcel Managerial Consultants Inc. v. Arlequin,* 583 F.3d 45, 54–55 (1st Cir. 2009). To the extent that defendant attempts to reargue issues raised in unsuccessful motion to dismiss, this Court reiterates that these issues cannot be decided at this stage in the case. The Court finds that, based on the pleadings and submissions that the Court may consider at this stage, plaintiffs have alleged facts sufficient to support the remaining claims. The Court will not allow defendants to reargue issues addressed in the previous decision in an attempt to take another bite of the apple. *See Santana v. Warner*, No. 9:11-CV-443, 2012 WL 5876871, at *3 (N.D.N.Y. Nov. 20, 2012). If defendants intend to revisit these issues in the future, the Court strongly urges defendants to participate in discovery to develop the facts in an attempt to steer this case towards a resolution.

## CONCLUSION

**IT IS HEREBY**

**ORDERED**, that plaintiffs' motion for leave to amend the complaint (Dkt. No. 39) is **GRANTED**; it is further

**ORDERED** that plaintiffs are directed to file and serve the Amended Complaint within ten (10) days of the date of this decision; and it is further

**ORDERED** the parties shall use the following caption in all further submissions:

DANNY DONOHUE, as President of the Civil Service
Employees Association, Inc., Local 1000, AFSCME,
AFL-CIO, and CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., LOCAL 1000, AFSCME,
AFL-CIO, and MILO BARLOW, THOMAS JEFFERSON,
CORNELIUS KENNEDY, JUDY RICHARDS, and HENRY
WAGONER, on behalf of themselves and certain other
RETIREES of the STATE OF NEW YORK formerly in the
CSEA BARGAINING UNITS,

                           Plaintiffs,

vs.                                                1:11-CV-1530
                                                       (MAD/CFH)

ANDREW M. CUOMO, individually and in his official capacity
as Governor of the State of New York, PATRICIA A. HITE,
individually and in her official capacity as Acting Commissioner,
New York State Civil Service Department, CAROLINE W. AHL
and J. DENNIS HANRAHAN, individually and in their official
capacities as Commissioners of the New York State Civil Service
Commission, ROBERT L. MEGNA, individually and in his official
capacity as Director of the New York State Division of
the Budget, THOMAS P. DiNAPOLI, individually and in his official
capacity as Comptroller of the State of New York;
JONATHAN LIPPMAN, individually and in his official
capacity as Chief Judge of the New York State Unified Court System,

                           Defendants.

; it is further

     **RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 44) be **DENIED**.

     Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); FED R. CIV. P. 72, 6(a), 6(e).

It is further **ORDERED** that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

**IT IS SO ORDERED.**

DATE: July 25, 2014
        Albany, New York

Christian F. Hummel
U.S. Magistrate Judge